Ruffin, C. J.
In McLeod v. Oats, 8 Ire. 387, the case did not require the Court to go further than to say, that replevin would not lie against an officer for goods seised in the possession of the defendant in execution ; and the decision was confined to that point. But the reasoning, on which the opinion was adopted, embraces the present case also, in which the actual possession was not in the debtor. The rule, which is laid down by writers of high character, that goods taken in execution are not replev-iable; the want of precedents ofisuch actions in the old books, and the very grave inconveniences which would arise from extending the action to property in custodia legis ; all concur in producing the conviction, that it will not lie in any case. It was argued for the plaintiff, that, if the goods seised be not the debtor’s property, the process is no justification, but the officer is a trespasser ab initio; and therefore that replevin as well as trespass ought to lie for such a wrongful taking. In the first place, that is a misapplication of the doctrine alluded to ; for it properly belongs to a case of abuse of process, which authorises the officer to do a particular act and in doing it he transcends his authority, and therefore no part of his act is justifiable. But execution against the goods of one person is no authority whatever for taking the goods of another ; and therefore the sheriff in such a case is an actual trespasser from the beginning, and not merely by relation from subsequent mal-feasances. Besides, the argument is completely apetitioprincvpii; for it assumes that the goods belong to the plaintiff in re-plevin, whereas the controversy in such a case always must be, whose property they are ; and therefore the en-quiry arises, whether this action, when brought against the officer, is a proper, convenient, and legal mode of trying that question.
That the statute does not help the plaintiff was shown in the case before cited. But it seems, on the contrary, *91 to furnish an additional argument against any straining in favor of the action, which would create such impediments to the execution of process; because, by the statute, the owner of the slave may bring replevin against the purchaser from the sheriff, which amply secures to him the slave specifically.
Per Cubiam. Judgment affirmed.